**Hearing Date: August 20, 2019 at 10:00 a.m. (Eastern)**
**Objection Deadline: August 16, 2019 at 4:00 p.m. (Eastern)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| WINDSTREAM HOLDINGS, INC., *et al.*,[1] | : | Case No. 19-22312 (RDD) |
| Debtors. | : | (Jointly Administered) |

---

| | | |
|---|---|---|
| WINDSTREAM HOLDINGS, INC., and WINDSTREAM SERVICES, LLC, | : | Adversary Proceeding No. 19-08279 (RDD) |
| Plaintiffs, | : | |
| v. | : | |
| UNITI GROUP INC., CSL NATIONAL, LP, CSL ALABAMA SYSTEM LLC, CSL ARKANSAS SYSTEM, LLC, CSL FLORIDA SYSTEM, LLC, CSL GEORGIA SYSTEM, LLC, CSL IOWA SYSTEM, LLC, CSL KENTUCKY SYSTEM, LLC, CSL MISSISSIPPI SYSTEM, LLC, CSL MISSOURI SYSTEM, LLC, CSL NEW MEXICO SYSTEM, LLC, CSL OHIO SYSTEM, LLC, CSL OKLAHOMA SYSTEM, LLC, CSL TEXAS SYSTEM, LLC, CSL REALTY, LLC, CSL GEORGIA REALTY, LLC, CSL NORTH CAROLINA SYSTEM, LP, CSL NORTH CAROLINA REALTY, LP, CSL TENNESSEE REALTY, LLC, | : | |
| Defendants. | : | |

---

**NOTICE OF HEARING ON THE AD HOC COMMITTEE OF
SECOND LIEN NOTEHOLDERS' MOTION TO INTERVENE**

---

[1] The last four digits of Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of debtors in these chapter 11 cases (the "Debtors"), a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein, but may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/windstream. The Debtors' service address is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

**PLEASE TAKE NOTICE** that on July 31, 2019, the *ad hoc* committee (the "Ad Hoc Committee") of entities that are beneficial holders and/or investment managers or advisors to beneficial holders of, among other disclosable economic interests, the 10.50% Senior Second Lien Notes due 2024 and 9.00% Senior Second Lien Notes due 2025 co-issued by Windstream Services, LLC and Windstream Finance Corp. filed The Ad Hoc Committee of Second Lien Noteholders' Motion to Intervene (the "Motion") in the above-captioned adversary proceeding. A hearing (the "Hearing") on the Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on **August 20, 2019, at 10:00 a.m.** (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the Final Order Establishing Certain Notice, Case Management, and Administrative Procedures [Docket No. 392] (the "Case Management Order") approved by the Court; (c) be filed electronically with the Court on the docket of Windstream Holdings, Inc. v. Uniti Group Inc., Adv. Pro. No. 19-08279 (RDD), by registered users of the Court's electronic filing system and in accordance with the General Order M-399 (which is available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **August 16, 2019, at 4:00 p.m.** (prevailing Eastern Time) (the "Objection Deadline"), by (i) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at http://www.kccllc.net/windstream) and (ii)

any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Ad Hoc Committee shall, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as Exhibit A to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained free of charge by visiting the website of Kurtzman Carson Consultants LLC at http://www.kccllc.net/windstream. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of this page intentionally left blank.]*

Dated: July 31, 2019
New York, New York

**MILBANK LLP**

By: */s/ Dennis F. Dunne*
Dennis F. Dunne, Esq.
Andrew M. Leblanc, Esq.
Samuel A. Khalil, Esq.
MILBANK LLP
55 Hudson Yards
New York, New York 10001
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219

*Counsel for the Ad Hoc Committee
of Second Lien Noteholders*

**Hearing Date: August 20, 2019 at 10:00 a.m. (Eastern)**
**Objection Deadline: August 16, 2019 at 4:00 p.m. (Eastern)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
In re:

WINDSTREAM HOLDINGS, INC., *et al.*,[1]

      Debtors.

------------------------------------------------------------------ x

WINDSTREAM HOLDINGS, INC., and
WINDSTREAM SERVICES, LLC,

                      Plaintiffs,

                v.

UNITI GROUP INC., CSL NATIONAL, LP, CSL
ALABAMA SYSTEM LLC, CSL ARKANSAS
SYSTEM, LLC, CSL FLORIDA SYSTEM, LLC,
CSL GEORGIA SYSTEM, LLC, CSL IOWA
SYSTEM, LLC, CSL KENTUCKY SYSTEM, LLC,
CSL MISSISSIPPI SYSTEM, LLC, CSL
MISSOURI SYSTEM, LLC, CSL NEW MEXICO
SYSTEM, LLC, CSL OHIO SYSTEM, LLC, CSL
OKLAHOMA SYSTEM, LLC, CSL TEXAS
SYSTEM, LLC, CSL REALTY, LLC, CSL
GEORGIA REALTY, LLC, CSL NORTH
CAROLINA SYSTEM, LP, CSL NORTH
CAROLINA REALTY, LP, CSL TENNESSEE
REALTY, LLC,

                      Defendants.

------------------------------------------------------------------

Chapter 11

Case No. 19-22312 (RDD)

(Jointly Administered)

Adversary Proceeding
No. 19-08279 (RDD)

**THE AD HOC COMMITTEE OF SECOND LIEN**
**NOTEHOLDERS' MOTION TO INTERVENE**

---

[1] The last four digits of Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of debtors in these chapter 11 cases (the "<u>Debtors</u>"), a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein, but may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/windstream. The Debtors' service address is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

The Ad Hoc Committee of Second Lien Noteholders (the "Ad Hoc Committee")[2] hereby moves (the "Motion"), pursuant to section 1109(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Fed. R. Civ. P. 24 (made applicable hereto by Fed. R. Bankr. P. 7024), for entry of an order authorizing the Ad Hoc Committee to intervene in the above-captioned adversary proceeding (the "Adversary Proceeding").[3]

**INTRODUCTION**

1. On July 25, 2019, the Debtors filed the Complaint, initiating the Adversary Proceeding. The Complaint seeks, among other things: (a) declarations that (i) the Master Lease[4] is not a "lease" and should be recharacterized as a disguised financing arrangement, (ii) to the extent the Master Lease is a lease, it is not a lease of "real property," and (iii) Uniti has breached the Master Lease and the implied covenant of good faith and fair dealing; (b) to avoid and recover certain constructive fraudulent transfers; (c) an abatement of rent under the Master Lease; and (d) damages in an amount to be determined at trial.

2. The Complaint alleges that calling the Master Lease anything other than a financing "gives license to a long-term transfer of billions of dollars of value away from the

---

[2] The Ad Hoc Committee consists of entities that are beneficial holders and/or investment managers or advisors to beneficial holders of, among other disclosable economic interests, the 10.50% Senior Second Lien Notes due 2024 and 9.00% Senior Second Lien Notes due 2025 (collectively, the "Second Lien Notes") co-issued by Debtors Windstream Services, LLC and Windstream Finance Corp. The current members of the Ad Hoc Committee are listed in the Second Amended Verified Statement Pursuant to Fed. R. Bankr. P. 2019 filed on July 8, 2019, in the Debtors' chapter 11 cases by Milbank LLP [Docket No. 763, Case No. 19-22312 (RDD)].

[3] For the sake of efficiency, the Ad Hoc Committee does not currently intend to file a separate complaint but instead joins in those allegations in the Debtors' Complaint that are pertinent to recharacterization and personal property. The Ad Hoc Committee reserves the right to join in the other allegations set forth in the Debtors' Complaint. For the avoidance of doubt, the Ad Hoc Committee does not join in each and every allegation of the Complaint and reserves the right in any proceeding to dispute any legal or factual allegations asserted therein.

[4] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Complaint.

Debtors to the everlasting and irreparable detriment of their creditors." (Compl. ¶ 1.) Exactly right. The relevant facts evidence that the economic realities of the Master Lease prove that the Master Lease is a disguised financing. Among other things, (a) the Transferred Assets will have no remaining material residual value once Windstream exits the Master Lease; (b) the Master Lease was not priced at market to be a lease; and (c) Uniti does not bear the economic risks of ownership as Windstream has retained the financial risks and costs associated with the Transferred Assets. (Compl. ¶¶ 175-85.)

        3.    The Ad Hoc Committee's interest in the outcome of the Adversary Proceeding is significant. If the Master Lease is not recharacterized, the Debtors' continued performance thereunder will substantially diminish the value available for distribution to the holders of Second Lien Notes. On the other hand, if it is recharacterized as a disguised financing, the existence and extent of any claims and liens held by Uniti will also directly affect the recoveries of the holders of Second Lien Notes. The Ad Hoc Committee's perspective on these issues is thus distinct from the interests of the Debtors—as they do not represent the interests of lien holders. Accordingly, the Ad Hoc Committee should be permitted to intervene in the Adversary Proceeding.

## JURISDICTION AND VENUE

        4.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b), and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**RELIEF REQUESTED**

5. By this Motion, the Ad Hoc Committee seeks entry of an order, pursuant to section 1109(b) of the Bankruptcy Code and Fed. R. Civ. P. 24 (made applicable hereto by Fed. R. Bankr. P. 7024), authorizing it to intervene in the Adversary Proceeding.

**BASIS FOR RELIEF**

**A.    Parties in Interest Have an Absolute Right to
        Timely Intervene in an Adversary Proceeding**

6. Federal Rule of Civil Procedure 24(a)(1), made applicable hereto by Fed. R. Bankr. P. 7024, provides, in relevant part, that "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute[.]" FED. R. CIV. P. 24(a)(1). Section 1109(b) of the Bankruptcy Code provides: "A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders committee, *a creditor*, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b) (emphasis added).

7. The Ad Hoc Committee, comprised of creditors who will be directly and significantly impacted by the outcome of the Adversary Proceeding, thus is clearly a party in interest in this Adversary Proceeding. See, e.g., In re 3333 Main, LLC, Ch. 11 Case No. 13-51533, 2014 WL 2338273, at *2 (Bankr. D. Conn. May 29, 2014) ("A creditor is a party in interest who 'may appear and be heard on any issue in a case' under Chapter 11."); Al Int'l Holdings (BVI) Ltd. v. MUFG Union Bank (In re Weinstein Co.), 595 B.R. 455, 463 (Bankr. D. Del. 2018) (same) (citing 11 U.S.C. § 1109(b)); M3 Holdings LLC v. Haslam (In re Haslam), No. WW-07-1391-JuPaD, 07-10112, 2008 WL 8444816, at *4 n.10 (B.A.P. 9th Cir. Mar. 31, 2008) ("Were this a chapter 11 case, [the creditor] would clearly be considered a party in interest under § 1109(b). This section governs who has a right to be heard on issues in a chapter 11 reorganization and

- 4 -

identifies as a party in interest, among others, a creditor.").

8. The Second Circuit has made clear that the unconditional right of a party in interest to intervene under section 1109(b) of the Bankruptcy Code in all matters that arise in a chapter 11 case includes the unconditional right to intervene in adversary proceedings. See, e.g., Term Loan Holder Comm. v. Ozer Group L.L.C. (In re Caldor Corp.), 303 F.3d 161, 169 (2d Cir. 2002) ("We hold, therefore, that the phrase 'any issue in a case' plainly grants a right to raise, appear and be heard on any issue regardless whether it arises in a contested matter or an adversary proceeding."); Smart World Techs., LLC v. Juno Online Servs., Inc. (In re Smart World Techs., LLC), 423 F.3d 166, 181 (2d Cir. 2005) ("In Caldor, this court held that § 1109(b) provides parties in interest with 'an unconditional right to intervene' in adversary proceedings under chapter 11, pursuant to Fed. R. Civ. P. 24(a)(1)."); Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman, No. 01 Civ. 8539 (RWS), 2003 WL 22790916, at *2 (S.D.N.Y. Nov. 25, 2003) (granting party in interest's right to intervene in adversary proceeding and noting that "[t]he Second Circuit has held in [Caldor], that § 1109(b) . . . grants an unconditional right to intervene pursuant to Rule 24(a)(1)"); Calpine Corp. v. Nev. Power Co. (In re Calpine Corp.), 354 B.R. 45, 47-48 (Bankr. S.D.N.Y. 2006) (granting motions to intervene filed by a creditor and creditors' committee in an adversary proceeding, "pursuant to [Caldor] which found that . . . parties in interest have an 'unconditional right to intervene' in adversary proceedings under chapter 11 . . ."); Assured Guar. Corp. v. Fin. Oversight & Mgmt. Bd. for Puerto Rico (In re Fin. Oversight & Mgmt. Bd. for Puerto Rico), 872 F.3d 57, 62-63 (1st Cir. 2017) (adopting the Second and Third Circuits' view as set forth in Caldor, the "most recent appellate opinion to decide" whether § 1109(b) provides a party in interest "'an unconditional right to intervene' within the meaning of Rule 24.").[5]

---

[5] See also Order Pursuant to 11 U.S.C. § 1109(b) and Fed. R. Civ. P. 24(a) Granting Ad Hoc Committee of Second Lien Noteholders Right to Intervene in Adversary Proceeding, Momentive Performance Materials

- 5 -

**B.     Motion is Timely**

9.      Federal Rule of Civil Procedure 24(a)(1) requires a motion to intervene to be "timely." Courts in the Second Circuit have identified four criteria to assess timeliness: "(a) the length of time [the movant] knew or should have known of [its] interest before making the motion; (b) prejudice to existing parties resulting from [the movant's] delay; (c) prejudice to [the movant] if the motion is denied; and (d) [the] presence of unusual circumstances militating for or against a finding of timeliness." Int'l Design Concepts, LLC v. Saks Inc., 486 F. Supp. 2d 229, 235 (S.D.N.Y. 2007) (quoting United States v. New York, 820 F.2d 554, 557 (2d Cir. 1987)).

10.     Applying these criteria, the Ad Hoc Committee's request to intervene is timely.

11.     *First*, this Motion was filed just six days after the Complaint was filed and as soon as reasonably practicable after determining the Ad Hoc Committee's interest in the Adversary Proceeding.

12.     *Second*, because there has been no delay in filing this Motion, no prejudice would be caused to the existing parties, particularly in light of the fact that Uniti has not yet filed a response to the Complaint. Courts often consider prejudice to the existing parties to be the most important factor in determining timeliness. See Miller v. Silbermann, 832 F. Supp. 663, 669 (S.D.N.Y. 1993) (collecting cases). The Ad Hoc Committee has participated in the Debtors' chapter 11 cases since their inception and has continuously communicated and coordinated with the various case constituencies throughout. Thus, the parties to the Adversary Proceeding must,

---

Inc. v. The Bank of New York Mellon Trust Co., N.A. (In re MPM Silicones, LLC), Ch. 11 Case No. 14-22503, Adv. No. 14-08227, (Drain, J.), [Docket No. 24] (Bankr. S.D.N.Y. June 25, 2014); Order Pursuant to 11 U.S.C. § 1109(b) and Fed. R. Civ. P. 24(a) Granting Ad Hoc Committee of Second Lien Noteholders Right to Intervene, Momentive Performance Materials Inc. v. Wilmington Trust, N.A. (In re MPM Silicones, LLC), Ch. 11 Case No. 14-22503, Adv. No. 14-08228, (Drain, J.), [Docket No. 29] (Bankr. S.D.N.Y. June 25, 2014).

or should, have anticipated the Ad Hoc Committee's desire to intervene in the Adversary Proceeding and, in light of its commitment to avoiding duplication of effort, no party will suffer prejudice from its participation. See New York v. Gutierrez, No. 08 Civ. 2503 (CPS), 2008 WL 5000493, at *6 (E.D.N.Y. Nov. 19, 2008) ("Because Applicants filed their motion less than one month after the filing of the complaint, and because I find that a few weeks' delay does not prejudice the existing parties, I conclude that Applicants' motion is timely.").

13.     *Third*, given the size of their holdings of Second Lien Notes (in addition to other debt across the Debtors' capital structure) and their corresponding significant economic interest in the outcome of the Debtors' reorganization, the members of the Ad Hoc Committee would suffer significant prejudice if the Ad Hoc Committee is denied the ability to participate directly in the Adversary Proceeding. Because the Ad Hoc Committee's members hold liens on the Debtors' assets, its position regarding the existence and extent of any claims and liens held by Uniti is distinguishable from that of the Debtors.

14.     *Fourth*, there are no unusual circumstances militating against a finding of timeliness. The Ad Hoc Committee's motion to intervene is timely, and accordingly, the Ad Hoc Committee must be permitted to protect its members' interests and intervene in the Adversary Proceeding.

### C. Alternatively, the Ad Hoc Committee May Intervene as a Matter of Right or Permissively

15.     The Ad Hoc Committee may intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2) and permissively intervene under Federal Rule of Civil Procedure 24(b) if the Court finds that the Ad Hoc Committee does not have an absolute right to intervene. To intervene as a matter of right under Rule 24(a)(2), or permissively under Rule 24(b), "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate

that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." Floyd v. City of New York, 770 F.3d 1051, 1057 (2d Cir. 2014) (internal citation omitted).

16.  Here, as discussed above, the Ad Hoc Committee satisfies all four requirements: (i) the Ad Hoc Committee files this Motion just six days after the Complaint was filed and as soon as reasonably practicable after determining the Ad Hoc Committee's interest in the Adversary Proceeding, (ii) the Ad Hoc Committee's members have legally protected interests in the characterization of the Master Lease, (iii) the proper treatment of the Master Lease will determine whether the members of the Ad Hoc Committee receive a meaningful recovery, and (iv) the members of the Ad Hoc Committee, who hold approximately $2.25 billion principal amount of debt across the Debtors' capital structure, and not the Debtors, would bear the majority of the economic benefit or detriment of the Court's determination that the Master Lease is a disguised financing arrangement. Accordingly, even if the Ad Hoc Committee did not have an unconditional right to intervene in the Adversary Proceeding under Fed. R. Civ. P. 24(a)(1), the Court should allow the Ad Hoc Committee to intervene pursuant to Fed. R. Civ. P. 24(a)(2) and/or Fed. R. Civ. P. 24(b).[6]

## NOTICE

17.  Notice of this Motion has been given to counsel to the Debtors and the Defendants. In light of the nature of the relief requested herein, the Ad Hoc Committee submits that no further notice is required and requests that such notice be deemed adequate and sufficient.

---

[6] On the day the Complaint was filed, the Ad Hoc Committee informed the Debtors and Uniti that the Ad Hoc Committee intended to intervene in the Adversary Proceeding. As of the filing of this Motion, neither the Debtors nor Uniti has consented to the relief requested herein.

## NO PRIOR REQUEST

18. No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Ad Hoc Committee respectfully requests entry of an order, substantially in the form annexed hereto as Exhibit A, (i) authorizing the Ad Hoc Committee to intervene in the Adversary Proceeding and (ii) granting the Ad Hoc Committee such other and further relief as the Court may deem just and proper.

Dated: July 31, 2019
New York, New York

**MILBANK LLP**

By: */s/ Dennis F. Dunne*
Dennis F. Dunne, Esq.
Andrew M. Leblanc, Esq.
Samuel A. Khalil, Esq.
MILBANK LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Counsel for the Ad Hoc Committee
of Second Lien Noteholders*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re:                                                        : Chapter 11
                                                              :
WINDSTREAM HOLDINGS, INC., *et al.*,[1]                       : Case No. 19-22312 (RDD)
                                                              :
      Debtors.                   : (Jointly Administered)
                                                              :
---------------------------------------------------------------- x
                                                              :
WINDSTREAM HOLDINGS, INC., and                                :
WINDSTREAM SERVICES, LLC,                                     : Adversary Proceeding
                                                              : No. 19-08279 (RDD)
      Plaintiffs,                :
      v.                         :
                                                              :
UNITI GROUP INC., CSL NATIONAL, LP, CSL                       :
ALABAMA SYSTEM LLC, CSL ARKANSAS                              :
SYSTEM, LLC, CSL FLORIDA SYSTEM, LLC,                         :
CSL GEORGIA SYSTEM, LLC, CSL IOWA                             :
SYSTEM, LLC, CSL KENTUCKY SYSTEM, LLC,                        :
CSL MISSISSIPPI SYSTEM, LLC, CSL                              :
MISSOURI SYSTEM, LLC, CSL NEW MEXICO                          :
SYSTEM, LLC, CSL OHIO SYSTEM, LLC, CSL                        :
OKLAHOMA SYSTEM, LLC, CSL TEXAS                               :
SYSTEM, LLC, CSL REALTY, LLC, CSL                             :
GEORGIA REALTY, LLC, CSL NORTH                                :
CAROLINA SYSTEM, LP, CSL NORTH                                :
CAROLINA REALTY, LP, CSL TENNESSEE                            :
REALTY, LLC,                                                  :
                                                              :
      Defendants.                x
----------------------------------------------------------------

**ORDER PURSUANT TO 11 U.S.C. § 1109(b), FEDERAL RULE OF CIVIL
PROCEDURE 24, AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7024
GRANTING AD HOC COMMITTEE OF SECOND LIEN NOTEHOLDERS
<u>RIGHT TO INTERVENE IN ADVERSARY PROCEEDING</u>**

---

[1] The last four digits of Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of debtors in these chapter 11 cases (the "<u>Debtors</u>"), a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein, but may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/windstream. The Debtors' service address is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

Upon the motion (the "Motion")[2] of the Ad Hoc Committee of Second Lien Noteholders (the "Ad Hoc Committee") for entry of an order, pursuant to section 1109(b) of the Bankruptcy Code and Fed. R. Civ. P. 24 (made applicable hereto by Fed. R. Bankr. P. 7024), authorizing the Ad Hoc Committee to intervene in the Adversary Proceeding; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtors, their creditors, and all other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation, it is:

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that the Ad Hoc Committee is authorized to intervene in the Adversary Proceeding; and it is further

**ORDERED** that all pleadings and other papers required to be served on every party in this Adversary Proceeding pursuant to Fed. R. Civ. P. 5 and Fed. R. Bankr. P. 7005 shall be served on the Ad Hoc Committee; and it is further

**ORDERED** that the Ad Hoc Committee is hereby authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

- 3 -

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

Dated: August __, 2019
      White Plains, New York

 

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE