Stephen E. Hessler, P.C.
Marc Kieselstein, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Brad Weiland (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>WINDSTREAM HOLDINGS, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-22312 (RDD)<br><br>(Jointly Administered) |
| WINDSTREAM HOLDINGS, INC., and<br>WINDSTREAM SERVICES, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITI GROUP, INC., *et al.,*<br><br>Defendants. | Adv. Pro. No. 19-08279 (RDD) |

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

This Confidentiality Agreement and Stipulated Protective Order ("<u>Order</u>") is entered into

by and among (a) Windstream Holdings, Inc. and Windstream Services, LLC (together,

"<u>Windstream</u>"); (b) CSL National, LP and certain of its affiliates (collectively, "<u>Uniti</u>"); (c) the

---

[1]    The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717.  Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at <u>http://www.kccllc.net/windstream</u>.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  4001 North Rodney Parham Road, Little Rock, Arkansas 72112.

First Lien Ad Hoc Group, the Ad Hoc Committee of Second Lien Noteholders, the Official

Committee of Unsecured Creditors, and UMB Bank, National Association and U.S. Bank National

Association, solely in their capacities as indenture trustees (collectively, the "Intervenors"); and

(d) any other persons or entities who become bound by this Order by signifying their assent

through execution of **Exhibit A** hereto (a "Declaration").  Each of the persons or entities identified

in the foregoing clauses (a) through (d) shall be referred to herein individually as a "Party," and,

collectively, as the "Parties."[2]

### Recitals

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined

below) from one another with respect to the above-captioned adversary proceeding

(the "Adversary Proceeding"), including through informal requests or the service of document

requests, interrogatories, depositions, and other discovery requests (collectively "Discovery

Requests") as provided by the Federal Rules of Civil Procedure (the "Federal Rules"), the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the Southern District of New

York (the "Local Rules"); and

WHEREAS, the Parties anticipate that there are certain persons or entities other than the

Parties hereto that may also propound or be served with Discovery Requests during the course of

this Adversary Proceeding;

NOW, THEREFORE, to facilitate and expedite the production, exchange and treatment of

Discovery Material (as defined below), to facilitate the prompt resolution of disputes over

---

[2]    Reference herein to "non-Parties" or a "non-Party," or a "non-Party" becoming a "Party," is for purposes of
reference in this Order only.  All such references herein are not intended to reflect any agreement as to whether
any "Party" is or will become a "party," or any "non-Party" will not be a "party," in any case or other proceeding,
or otherwise to reflect any agreement as to the "party" or "non-party" status of any litigant.

confidentiality, and to protect Discovery Material that a Party seeks to maintain as confidential, the Parties stipulate and agree as follows:

1.      The Parties shall submit this Confidentiality Agreement and Stipulated Protective Order to the Court for approval.  The Parties shall abide by the terms of this Order even if this Order is not entered by the Court for any reason, unless the Court otherwise determines.

2.      All deadlines stated herein shall be computed pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure.

## Scope of Order

3.      This Order applies to all information, documents and things exchanged in or subject to discovery that are produced in this Adversary Proceeding on or after July 25, 2019, either by a Party or a non-Party (each a "Producing Person"), to any other Party or non-Party (each a "Receiving Party"), formally or informally, in response to or in connection with any Discovery Requests, including without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information and things produced (including documents, information and things produced to a Receiving Party for inspection and documents, whether in the form of originals or copies) as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material").

4.      Any non-Party that executes and delivers a Declaration to the Parties shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto and shall be permitted to review Confidential Material and Highly Confidential Material as set forth in Paragraphs 11 and 12.

5.      This Order applies to all non-Parties that are served with subpoenas in connection with this Adversary Proceeding or who otherwise produce documents or are noticed for

depositions with respect to this Adversary Proceeding, and all such non-Parties are entitled to the protections afforded hereby and subject to the obligations contained herein upon signing a Declaration and agreeing to be bound by the terms of this Order.

6.     Any Party or its counsel serving a subpoena upon a non-Party, which subpoena requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena and instruct the non-Party recipient of such subpoena that he, she or it may designate documents or testimony in this Adversary Proceeding produced pursuant to such subpoena according to the provisions herein.

**Designating Discovery Material**

7.     Any Producing Person may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such Discovery Material, "Designated Material," and, any such Producing Person, a "Designating Party") in accordance with the following provisions:

a.     Confidential Material: A Producing Person may designate Discovery Material as "Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes information that: has not been made public and that the Producing Person would not want to be made public in the ordinary course of its activities, including but not limited to technical, business, financial, personal or other information of a nature that can be protected under Federal Rule 26(c) and Bankruptcy Rules 7026 or 9018; or is subject by law or by contract to a legally protected right of privacy; or the Producing Person is under a preexisting obligation to a third party to treat as confidential; or the Producing Person has in good faith been requested by another Party or non-Party to so designate on the grounds that such other Party or non-Party considers such material to contain information that is confidential or proprietary to such Party or non-Party.

b.     Highly Confidential Material: A Producing Person may designate Discovery Material as "Highly Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes Highly Confidential Discovery

4

Material (as defined herein) that: has not been made public and that is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 12 of this Order, such as trade secrets, sensitive financial or business information, or material prepared by its industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Order in connection with this Adversary Proceeding, and only to the extent that the Producing Person believes in good faith that such material is of such a nature that "Highly Confidential" treatment is warranted. Any model used by a testifying industry expert in connection with preparing an opinion or underlying that opinion that has been customized by the expert or is not commercially available may be produced as "Highly Confidential."

c.   <u>Undesignated Material</u>: Subject to the rights and obligations of the Parties under Paragraphs 9, 10, and 25 of this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material (such Discovery Material, "<u>Undesignated Material</u>").

8.   <u>Manner of Designation</u>: Where reasonably practicable, any Designated Material shall be designated by the Producing Person as such by marking every such page "Highly Confidential" or "Confidential" as applicable. Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Person may designate material as "Highly Confidential" or "Confidential" by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production of such material that such material is "Highly Confidential" or "Confidential."

9.   <u>Inadvertent Failure to Designate</u>: A Party's inadvertent failure to designate any Discovery Material as "Highly Confidential" or "Confidential" shall not be deemed a waiver of that Party's later claim that such Discovery Material is Designated Material or is entitled to another designation pursuant to this Order ("<u>Misdesignated Material</u>") at any time thereafter. At such time, arrangement will be made for the destruction of the Misdesignated Material or for the return to the Producing Person of all copies of the Misdesignated Material and for the substitution, where

appropriate, of properly labeled copies of such Discovery Material.  Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material.  If requested by the Producing Person, a Receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material.

**Use and Disclosure of Confidential or Highly Confidential Material**

10.     General Limitations On Use and Disclosure of All Discovery Material: All Discovery Material, whether Designated or Undesignated Material, shall be used by the Receiving Parties solely for the purposes of this Adversary Proceeding or other disputes arising out of or relating to the Debtors' filing of voluntary petitions under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code") in this Court; and solely to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

11.     Confidential Material: Confidential Material, and any and all information contained therein, shall be given, shown, made available to or communicated only to the following:

a.     Windstream;

b.     Uniti;

c.     the Intervenors, including their respective members;

d.     any non-Party who has signed a Declaration, in the form provided as **Exhibit A** hereto; and

e.     any other persons specified in Paragraph 12 below.

12.    <u>Highly Confidential Material</u>: Highly Confidential Material, and any and all information contained therein, shall be given, shown, made available to or communicated only to the following:

a.    outside counsel, and staff working under the express direction of such counsel, for:

(i)    Windstream;

(ii)    Uniti;

(iii)    the Intervenors; and

(iv)    any non-Party who has signed a Declaration, in the form provided as **Exhibit A** hereto.

b.    industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Order in connection with this Adversary Proceeding;

c.    any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

d.    for purposes of witness preparation, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Highly Confidential Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, and that doing so would not cause competitive harm, provided, however, that such Highly Confidential Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Highly Confidential Material;

e.    any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm;

f.    outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with this Adversary Proceeding;

g.    court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Adversary Proceeding;

h.    the Court, its officers and clerical staff in any judicial proceeding that may result from this Adversary Proceeding;

i.    any government agency, internal or external auditor or regulatory body or authority having authority to regulate or oversee any respects of the Receiving Party's business or that of its affiliates, if required by any applicable statute, law, rule or regulation, subpoena, civil investigative demand or similar demand, or request; provided that (i) the Receiving Party will provide the Producing Person with prior written notice of any such request or requirement (unless such notice is prohibited by applicable law) within a reasonable amount of time so that the Producing Person may seek a protective order or other appropriate remedy, and (ii) the Receiving Party advises such recipient of the confidential nature of the information being disclosed and requests confidential treatment thereof; and

j.    any other person or entity with respect to whom the Producing Person may consent in writing.

13.    <u>Designated Material to Be Disclosed Only in Accordance With Paragraphs 11 and 12</u>: Highly Confidential Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 12.  Confidential Material, and the substantive information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people provided in Paragraph 11.

14.    <u>Prerequisite to Disclosure of Designated Material</u>: Before any person or their representative identified in Paragraph 12(b), 12(d), or 12(j) is given access to Designated Material, if permitted by the above rules, such person or their representative shall be provided with a copy of this Order and shall execute a Declaration, in the form provided as **<u>Exhibit A</u>** hereto.  Each such Declaration shall be retained in the files of counsel for the Party who gave access to the Designated Material to the person who was provided such access.  Such executed Declarations shall not be subject to disclosure under the Federal Rules or the Bankruptcy Rules unless a showing of good cause is made and the Court so orders.

15.    <u>Sealing of Designated Material Filed With Or Submitted To Court</u>:

8

a.    Designated Material contained in pleadings, documents, or other papers (or attachments thereto) that a Party seeks to file with the Court shall be redacted and filed with the Court under a temporary seal.  Only those portions of pleadings, documents, or other papers (or attachments thereto) that contain Designated Material may be filed under the temporary seal.  To file pleadings, documents or other papers (or attachments thereto) with the Court under the temporary seal, parties shall file the pleadings, documents or other papers (or attachments thereto) on the Court's electronic docket in redacted form and un-redacted copies shall be delivered to the Court in a separate sealed envelope conspicuously marked "**Filed Under Temporary Seal — Subject to Windstream Holdings, Inc. Protective Order**," together with such other markings as may be required by the Court.

b.    Any Party filing ("Filing Party") with the Court pleadings, documents or other papers (or attachments thereto) containing Designated Material under the temporary seal shall serve un-redacted copies to Windstream, Uniti, the Intervenors, and any other Party to this Order that requests the un-redacted copies from the Filing Party.  The Filing Party shall notify the Designating Party of the filing of Designated Material under the temporary seal within one business day of the filing.

c.    Each Filing Party shall use best efforts when filing with the Court pleadings, documents, or other papers (or attachments thereto) to remove only Designated Material from pleadings, documents or other papers (or attachments thereto).  Under no circumstances shall entire transcripts of depositions be filed under the temporary seal.

d.    Unless the Designating Party provides written notice to the Filing Party within seven days of the date on which the Designating Party received notice from the Filing Party that the Filing Party filed a pleading, document or other paper (or attachments thereto) with the Court under the temporary seal, the Filing Party shall file a notice with the Court advising the Court that the pleading, document or other paper (or attachments thereto) does not meet the requirements for sealing under 11 U.S.C. § 107(b) and requesting that the temporary seal be lifted and the pleadings, documents or other papers (or attachments thereto) provided in the sealed envelope be filed by the Clerk on the Court's electronic docket.  The Filing Party shall assist the Clerk in any way requested to ensure that the temporary seal is lifted and that the public has access to the un-redacted documents.

e.    If the Designating Party provides written notice to the Filing Party, Windstream, Uniti, the Intervenors, and any other Party that requests such notice from the Designating Party (each a "Requesting Party," and collectively, the "Requesting Parties") within seven days of the date on which the Filing Party filed a pleading, document or other paper (or attachments thereto) with the Court that all or a part of the Designated Material satisfies the requirements of 11 U.S.C. § 107(b) and should remain

9

under the temporary seal, then the Designating Party, the Filing Party, Windstream, Uniti, the Intervenors, and the Requesting Parties shall meet and confer in an effort to reach a consensus regarding the appropriateness of the Designated Material being sealed and access to the public restricted, provided however, the foregoing shall not have to meet and confer to the extent the Designating Party receives confirmation that none of the Filing Party, Windstream, Uniti, the Intervenors, and the Requesting Parties objects to the Designated Material remaining under seal. If no consensus is reached by the 10th day following the date of the written notice, then the Designating Party shall, within 5 days thereof, file with the Court a sealing motion under 11 U.S.C. § 107(b) and Rule 9018 seeking Court authorization to have the pleading, document or other paper (or attachments) remain under seal. Until the Court decides the sealing motion, the pleading, document or other paper (or attachments thereto) shall remain under the temporary seal.

f.      Notwithstanding the foregoing, any Party shall only be bound by the procedures set forth in Paragraph 15 to the extent those procedures are not inconsistent with chambers rules, local rules or any orders of the Court that may apply.

16.     <u>Use of Discovery Material in Open Court</u>: The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph. As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and at least 72 hours prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Person together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of chapter 11 of title 11 of the United States Code, U.S.C. §§ 101–1532, and the Bankruptcy Rules. If the Parties are unable to resolve a dispute related to such Designated Material, then the Producing Party bears the burden of requesting relief

from the Court and, in the absence of such relief, there shall be no limitations on the ability of the

Parties to offer or otherwise use such Designated Material at trial or any hearing held in open court.

**Depositions**

17.    Deposition Testimony – Manner of Designation: In the case of depositions, if

counsel for a Party or non-Party believes that a portion of the testimony given at a deposition

should be Designated Material of such Party or non-Party, such testimony may be designated as

appropriate by:

a.    Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or

b.    Providing written notice within seven (7) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or videotape of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 21 below.  Until expiration of the aforesaid seven (7) day period following receipt of the transcript by the Parties or non-Parties, all deposition transcripts and videotapes shall be considered and treated as Highly Confidential unless otherwise agreed on the record at the deposition.

18.    Designated Material Used as Exhibits During Depositions: Nothing in Paragraph

17 shall apply to or affect the confidentiality designations on Discovery Material entered as

exhibits at depositions.

19.    Witness Review of Deposition Testimony: Nothing in Paragraph 17 shall preclude

the witness from reviewing his or her deposition transcript.

20.    Presence of Certain Persons During Designated Deposition Testimony: When

Designated Material is elicited during a deposition, persons not entitled to receive such information

under the terms of this Order shall be excluded from the portion of the deposition so designated.

21.     <u>Responsibilities and Obligations of Court Reporters</u>: In the event that testimony is designated as Confidential or Highly Confidential, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith" and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate.  If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.

## **General Provisions**

22.     This Order is a procedural device intended to protect Discovery Materials designated as Designated Material.  Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

23.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the confidentiality or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

24.     <u>Late Designation of Discovery Material</u>: The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Person's right to later so designate such Discovery Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to

12

notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

25.     <u>Unauthorized Disclosure of Designated Material</u>: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Person of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

26.     <u>Manner of Objecting to Designated Material</u>: Parties agree not to challenge and shall not challenge the designation of any Confidential Material; provided, however, that nothing in this Paragraph limits or waives a Party's rights and obligations under Paragraphs 15 and 16 above. If any Receiving Party objects to the designation of any Highly Confidential Material

(whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Person in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order.  The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Party cannot resolve their dispute.  Until the Court rules on such an issue, the Highly Confidential Material shall continue to be treated as Highly Confidential.  Upon motion, the Court may order the removal of the "Highly Confidential" designation from any Highly Confidential Material so designated subject to the provisions of this Order.  In connection with any request for relief concerning the propriety of a "Highly Confidential" designation, the Producing Person shall bear the burden of proof.

27. <u>Timing of Objections to Designated Material</u>: A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Party to challenge the designation by a Producing Person of Discovery Materials as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Party's right to object to the designation at trial.

28. <u>Inadvertent Production of Privileged Discovery Material</u>: This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  Inadvertent production of any Discovery Materials which a Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("<u>Inadvertently Produced Privileged Information</u>"), will not by itself constitute a waiver of any applicable privilege.  Within a reasonable period of time after a Producing Person discovers (or upon receipt of notice from another Party) that it has produced Inadvertently Produced

Privileged Information, the Producing Person shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the Discovery Materials inadvertently produced and the basis for withholding such Discovery Materials from production. If a Producing Person requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph, the Receiving Party shall immediately take all commercially reasonable steps to return or destroy the Discovery Materials (and copies thereof) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Inadvertently Produced Privileged Information. If the Receiving Party disputes the privilege claim, it must notify the Producing Person of the dispute and the basis therefore in writing within ten (10) days of receipt of the Producing Person's notification. Other than for an in camera review in connection with seeking a determination by the Court, the Receiving Party may not use or disclose any Inadvertently Produced Privileged Information until the dispute is resolved. The Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court whether the privilege applies. The Producing Person must preserve the Inadvertently Produced Privileged Information and the Receiving Party may not use the Inadvertently Produced Privileged Information for any purpose until the dispute is resolved.

29.    Use of Non-Confidential Material: To the extent that any Party has documents or information that (a) were already in its possession before July 25, 2019; (b) are received or become available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (c) were independently developed by such Party without violating its obligations hereunder; or (d) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party

(collectively "Non-Confidential Material"), nothing in this Order shall limit a Party's ability to use Non-Confidential Material in a deposition, hearing, trial or otherwise in connection with this Adversary Proceeding.  Nothing in this Order shall affect the obligation of any Party to comply with any other confidentiality agreement with, or undertaking to, any other person or Party, including, but not limited to, any confidentiality obligations arising from agreements entered into prior to this Adversary Proceeding.

30.     Obligations Following Conclusion of the this Adversary Proceeding: Within 90 days of the later of the conclusion of this Adversary Proceeding, including all appeals as to all Parties, all Parties and non-Parties shall take all commercially reasonable steps to return to counsel for the respective Producing Person, or to destroy, all Designated Material, and all copies or notes thereof in the possession of any person, except that: counsel may retain for its records their work product and a copy of court filings, deposition transcripts, deposition videotapes, deposition exhibits, expert reports, and exhibits introduced at any hearing; and a Receiving Party may retain Designated Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided that such retained documents will continue to be treated as provided in this Order.  If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested, verify such destruction in writing to counsel for the Producing Person.  Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

31.     Continuing Applicability of Confidentiality Agreement and Stipulated Protective Order: The provisions of this Order shall survive the final termination of this Adversary

16

Proceeding for any retained Designated Material. The final termination of this Adversary Proceeding shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

32.     <u>Amendment of Confidentiality Agreement and Stipulated Protective Order</u>: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

33.     <u>Disclosure of Designated Material in Other Proceedings</u>: Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process or demand seeking the disclosure of a Producing Person's Designated Material: (a) shall promptly notify the Producing Person (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (b) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

34.     <u>Use of Designated Material By Producing Person</u>: Nothing in this Order affects the right of any Producing Person to use or disclose its own Designated Material in any way. Subject to clause (c) of Paragraph 7, such disclosure will not waive the protections of this Order and will not entitle other Parties, non-Parties, or their attorneys to use or disclose such Designated Material in violation of this Order except where the use or disclosure of Designated Material by the Producing Person makes such Designated Material public.

35.     <u>Objections to Discovery Requests</u>: Nothing herein shall be deemed to prevent a Party or non-Party from objecting to discovery or asserting that information being sought in discovery is of such a nature that discovery should not be afforded because of the confidential, personal or proprietary nature of the information being sought or to preclude a Party or non-Party from seeking additional or further limitations on the use or disclosure of such information.

36.     <u>Obligations of Parties</u>: Nothing herein shall relieve a party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with this Adversary Proceeding.

37.     <u>Advice of Counsel</u>: Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with this Adversary Proceeding and, in the course thereof, relying on examination of Designated Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

38.     <u>Prior Agreements</u>:  The Parties agree that the provisions and requirements set forth in this Order supersede all prior agreements with respect to Discovery Material.

39.     <u>Enforcement</u>: The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.


[*Remainder of page intentionally left blank.*]

Dated:  September 6, 2019        */s/ Stephen E. Hessler, P.C.*
New York, New York        Stephen E. Hessler, P.C.
Marc Kieselstein, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Brad Weiland (admitted *pro hac vice*)
Richard U.S. Howell (admitted *pro hac vice*)
Yates M. French (admitted *pro hac vice*)
Ravi S. Shankar (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

Dated:  September 6, 2019
New York, New York

By:  */s/ Elliot Moskowitz*

**DAVIS POLK & WARDWELL LLP**
Elliot Moskowitz
Eli J. Vonnegut
Angela M. Libby
450 Lexington Avenue
New York, New York 10017
(212) 450-4000
elliot.moskowitz@davispolk.com
eli.vonnegut@davispolk.com
angela.libby@davispolk.com

*Counsel for Uniti Group Inc. and its Subsidiaries*

Dated: September 6, 2019          By: _/s/  Lorenzo Marinuzzi_____

**MORRISON & FOERSTER LLP**
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Jamie A. Levitt
250 West 55th Street
New York, New York 10019-9601
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
E-mail: lmarinuzzi@mofo.com
        tgoren@mofo.com
        jmarines@mofo.com
        jlevitt@mofo.com

*Counsel for the Committee*

Dated:  September 6, 2019

By: */s/ Dennis F. Dunne*
Dennis F. Dunne, Esq.
Andrew M. Leblanc, Esq.
Samuel A. Khalil, Esq.
MILBANK LLP
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Counsel for the Ad Hoc Committee*
*of Second Lien Noteholders*

Dated:  September 6, 2019

By: */s/ Brian S. Hermann*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Andrew N. Rosenberg (arosenberg@paulweiss.com)
Brian S. Hermann (bhermann@paulweiss.com)
Samuel E. Lovett (slovett@paulweiss.com)
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

*Counsel to the First Lien Ad Hoc Group*

Dated:  September 6, 2019

**WHITE & CASE LLP**

By:  */s/ J. Christopher Shore*
Southeast Financial Center, Suite 4900
200 South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Thomas E Lauria, Esq. (admitted *pro hac vice*)

1221 Avenue of the Americas
New York, NY 10020-1095
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113
J. Christopher Shore, Esq.
Harrison Denman, Esq.
Philip M. Abelson, Esq.
Julia M. Winters, Esq.

*Special Counsel to UMB Bank, N.A.*
*and U.S. Bank N.A.*

Dated:  White Plains, New York          **SO ORDERED:**
        September 9, 2019


/s/Robert D. Drain_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

### DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

_____ (the "Declarant"), through its authorized

representative (as applicable) _____, declares under penalty of

perjury (this "Declaration") that:

1.      Its address is _____.

2.      Its present employer (as applicable) is _____.

3.      Its present occupation or job description (as applicable) is _____

_____.

4.      The Declarant hereby certifies and agrees that it has read and understood the terms

of the Confidentiality Agreement and Stipulated Protective Order (the "Order") relating to this

Adversary Proceeding.  All capitalized terms not otherwise defined in this Declaration have the

meanings ascribed to such terms in the Order.  The Declarant further certifies that it will not use

Designated Material for any purpose other than this Adversary Proceeding, and will not disclose

or cause Designated Material to be disclosed to anyone not expressly permitted by the Order to

receive Designated Material.  The Declarant agrees to be bound by the terms and conditions of the

Order.

5.      The Declarant understands that it is to retain in confidence from all individuals not

expressly permitted to receive Designated Material, whether at home or at work, all copies of any

Designated Materials, and that it will carefully maintain such materials in a manner consistent with

the Order.  The Declarant acknowledges that the return or destruction of Designated Material shall

not relieve it from any other continuing obligations imposed upon it by the Order.

1

6.      The Declarant acknowledges and agrees that it is aware that by receiving Designated Material (a) it may be receiving material non-public information about companies that issue securities and (b) there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7.      The Declarant stipulates to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____

_____
(Signature)