WHITE & CASE

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

September 13, 2019

VIA E-MAIL & ECF

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY

Re:   In re Windstream Holdings, Inc., et al. - Case No. 19-22312 (RDD)

Dear Judge Drain:

We write as special counsel to UMB Bank, National Association and U.S. Bank National Association, in their capacities as indenture trustees (the "Trustees), in response to the September 12, 2019 letter from counsel to Uniti (the "Sept. 12 Letter").

Rather than respond to the more inflammatory aspects of the Sept. 12 Letter, we write to lay out the facts regarding the document requests (the "Document Requests") the Trustees served on Uniti in connection with their Motion to Strike Master Lease from Schedules and Modify Cash Management Order [Dkt. No. 728] (the "Motion").

The Trustees filed the Motion on June 28, 2019, seeking to strike the Master Lease from Holdings' schedules and to curtail further lending from the subsidiary Debtors that facilitate Holdings' payment of post-petition "rent" under that contract. Uniti filed a limited objection to the Motion on July 19, 2019 [Dkt. No. 824]. On July 22, three days before the Debtors commenced the adversary proceeding, the Trustees served the Document Requests on Uniti. There is no dispute that the Document Requests were properly served. In response, Uniti's counsel sent an email on July 23, 2019, asserting that the Trustees lacked standing to bring the Motion, but, if the Motion was not withdrawn, committing to respond to the Document Requests "in writing on the timetable allotted to [Uniti] under the federal rules." (See E-mail from E. Moskowitz attached as Exhibit D to the Trustees' August 30 Letter) The Trustees' Motion has not been withdrawn, and is currently scheduled to be heard on September 27, 2019 (although the Trustees anticipate that it may be further adjourned along with the Committee's Motion for Standing).

After the Debtors filed the adversary proceeding on July 25, 2019, various parties moved to intervene. The Court held a hearing on August 20, 2019, and later that day entered the Intervention Order. The Intervention Order – which was filed only on the adversary proceeding docket – does not address the Trustees' Motion (or the Committee's Motion for Standing), nor does it address the Document Requests in any way. Indeed, Uniti never asked the Court to stay any of that discovery in connection with its objection to intervention.

**WHITE & CASE**

Honorable Robert D. Drain
September 13, 2019

Uniti's time to serve its responses and objections to the Document Requests expired on August 22, 2019 (thirty days after service). Uniti never requested an extension of its time to respond, nor has it, to date, served any written responses or objections. On August 30, 2019, the Trustees wrote to Uniti to note that they had failed to serve any objections, that pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure and Local Rule 7034-1(b), Uniti's objections to the Document Requests were waived, and to request that Uniti produce responsive documents without regard to any objections.

In a meet and confer call on September 5, 2019, and in numerous calls and discussions since, the Trustees clarified the following with respect to the August 30 letter:

1) The Trustees were not requesting that Uniti make a separate production in response to the Document Requests. Rather, any documents responsive to the Document Requests could be produced in conjunction with Uniti's responses to the Plaintiffs' discovery requests in the adversary proceeding.

2) The Trustees did not intend to raise with the Court Uniti's waiver of its objections until after Uniti had formulated its searches and gathered documents in the adversary proceeding, and the parties had an opportunity to meet and confer regarding what, if anything, Uniti intended to withhold or refuse to search for.

3) The Trustees were willing to toll (retroactively and going forward), Uniti's time to respond to the Document Requests provided that Uniti agree to the Debtors' proposed schedule for the adversary proceeding. As previously noted to the Court, the Trustees are concerned about delay in this proceeding given that the Debtors are paying $54 million per month pending the Court's resolution of the issues framed in the adversary proceeding. The Trustees have reserved the right to prosecute their Motion should the adversary proceeding be delayed due to any objection by Uniti to a proposed schedule for that proceeding. To the extent Uniti is willing to proceed on the Debtors' expedited schedule, and has not objected on the basis that Uniti does not have sufficient time to respond to document requests, those concerns are lessened.

In light of these commitments to Uniti, the Trustees believe a dispute as to the Document Requests will only arise if the following two conditions occur: (1) Uniti objects to the Debtors' proposed adversary proceeding schedule premised on the need for more time for document production, and (2) Uniti refuses to search for, or seeks to withhold documents, based on objections that have been waived pursuant to Bankruptcy Rule 7034 and Local Rule 7034-1(b). Counsel to the Trustees reiterated this position in a conversation with counsel to Uniti on September 12, 2019 (before Uniti submitted its letter), and in a subsequent email, attached hereto as Exhibit A.

To be clear, the Trustees are not pressing the Document Requests or seeking enforcement on Uniti's discovery default at this time precisely so discovery can be coordinated and funneled through the adversary proceeding. However, the Trustees are also not waiving their ability to press those rights in the future, which is what Uniti's demanded withdrawal of the Document Requests would do. Nothing in the Intervention Order requires the Trustees to waive rights with respect to

2

pending discovery, and nothing in the colloquy at the August 20, 2019 hearing suggested that Uniti was relieved of its obligation and commitment to respond timely to the Document Requests.

As to the Trustees' joinder to the Plaintiffs' document requests in the adversary proceeding, Uniti again does not lay out the relevant facts for the Court. Following entry of the Intervention Order, the Trustees collaborated with the Debtors and other intervenors on the Plaintiffs' document requests, and the Plaintiffs agreed to request documents responsive to the Document Requests "to the extent not explicitly requested [in Plaintiff's requests]." On September 6, 2019, the Trustees sent a one-sentence email to the parties indicating that they joined in the Plaintiffs' requests. The purpose of that joinder was to ensure that, by channeling all discovery through the adversary proceeding, the Trustees were not foregoing the ability to press the Document Requests issued in a separate, un-stayed contested matter. The Trustees similarly met and conferred with Uniti on the joinder issue, and made clear that by the joinder, they were not seeking to promulgate duplicative discovery. The joinder was only asserted to protect against Uniti arguing that the Plaintiffs are the only parties with standing to prosecute the Document Requests. As set forth in an e-mail after the call, the Trustees believed that the joinder issue had been resolved prior to Uniti's submission of the Sept. 12 Letter. (See Exhibit A)

Finally, Uniti has requested that the Court modify the Intervention Order on the basis that the Trustees have violated that order. That is not correct. As noted above, the Trustees (1) have coordinated with the Debtors in sending discovery requests, (2) have coordinated with the Debtors and all other Intervenors on an acceptable schedule (which all are asking Uniti to agree to), (3) agreed to defer responses to the Document Requests so that Uniti can make a single production, and (4) sent a one-sentence email preserving their rights to prosecute the Document Requests, which, until the Sept 12 Letter, Uniti had expressed no objection. On that basis, the Trustees respectfully request that the Court deny Uniti's application.

We are prepared to address these matters at the Court's convenience.

Sincerely,

*/s/ J. Christopher Shore /omw*

**J. Christopher Shore**

T +212-819-8394
E cshore@whitecase.com


cc:  Stephen E. Hessler (shessler@kirkland.com)
     Brian S. Hermann (bhermann@paulweiss.com)
     Dennis F. Dunne (ddunne@milbank.com)
     Lorenzo Marinuzzi (lmarinuzzi@mofo.com)

# **EXHIBIT A**

# Winters, Julia

| | |
|---|---|
| **From:** | Winters, Julia |
| **Sent:** | Thursday, September 12, 2019 3:05 PM |
| **To:** | 'Moskowitz, Elliot' |
| **Cc:** | Shore, Christopher |
| **Subject:** | Windstream - Discovery |

Elliot:

Following up on our conversation just now, I wanted to make clear that we are <u>not</u> seeking to compel Uniti to produce documents in response to our requests at this time or to duplicate the Adversary Proceeding discovery process.  Uniti should collect and review such documents on the schedule set out in the scheduling order that the Court will be setting for the adversary proceeding.  The only issue raised in our Aug. 26 letter is the extent to which Uniti must -- at the appropriate time in the Adversary Proceeding or in response to our Motion should we seek to prosecute it -- produce responsive documents without regard to potential objections that were waived.

And to confirm, we are willing to stipulate that our joinder to the Debtors' document requests is intended merely to allow the Trustees' to prosecute the Debtors' requests should they withdraw any of them without your arguing that we have passed the deadline to serve written requests.

Best,
Julia

**Julia Winters**  |  Counsel
**T**  +1 212 819 2665     **M**  +1 917 806 6336     **E**  [julia.winters@whitecase.com](mailto:julia.winters@whitecase.com)
White & Case LLP  |  1221 Avenue of the Americas  |  New York, NY 10020-1095

**WHITE & CASE**

1